**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ALESIRAM GUEVARA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:24-cv-104-JDK-KNM |
| | § | |
| CELESTE BYRD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Alesiram Guevara, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On September 24, 2025, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Docket No. 16. After receiving an extension of time to respond to the Report (Docket No. 22), Plaintiff objected. Docket No. 26.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Services, LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

1

In his objections, Plaintiff claims that prison officials did not honor his release date and that he should be out on parole. Docket No. 26. Plaintiff states in his amended complaint that he was sent to the East Texas Treatment Facility for nine months of drug treatment. Docket No. 6. After Plaintiff was found at the facility with contraband in the form of $1,300 in cash, a hearing was held. Docket No. 10-1 at 1. The hearing officer and hearing analysist both recommended that Plaintiff not have his parole revoked, but that he be continued on supervision with the existing conditions modified or reaffirmed. Docket No. 10-1 at 7. The Board agreed and continued Plaintiff's placement in the SAFPF ("Substance Abuse Felony Punishment Facility"). *Id.*

Under Texas law, parole approval is not effective or final until a formal parole agreement is entered into and signed by the inmate and the Board of Pardons and Paroles. *Clifford v. Beto*, 464 F.2d 1191, 1195 n.3 (5th Cir. 1972); *see also* Tex. Admin. Code. § 145.20(b). The approval may be withdrawn by the Board any time prior to the acceptance and execution of the formal parole agreement. *Clifford*, 464 F.2d at 1195 n.3. Thus, the Magistrate Judge correctly determined that even if Plaintiff had been given a release date at some point, he did not have a liberty interest until he executed a formal parole agreement. Plaintiff did not allege, much less show, that he had executed such an agreement, and in the absence of a liberty interest, the Magistrate Judge concluded that Plaintiff had not stated a constitutional claim. *See* Docket No. 16 at 6. Plaintiff's objections simply repeat his allegations and as such are without merit.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 16) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **12th** day of **June, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE